SHAMROCK LIQUORS, INC. *vs.* ALCOHOLIC BEVERAGES
CONTROL COMMISSION.

Middlesex.    February 15, 1979. — April 2, 1979.

Present: BROWN, GREANEY, & KASS, JJ.

*Alcoholic Beverages Control Commission. Alcoholic Liquors,* Admission of violation by licensee. *Administrative Law,* Admission of violation at hearing, Failure to raise issue before agency.

In a proceeding before the Alcoholic Beverages Control Commission, a statement by the attorney representing the licensee which admitted that there were sufficient facts for a finding of illegality under G. L. c. 138, § 23, constituted a stipulation by the licensee that it had violated § 23, and the commission was not bound to review the facts to determine if they amounted to a violation under the statute. [334-335]

CIVIL ACTION commenced in the Superior Court on March 21, 1978.

A motion for summary judgment was heard by *Sullivan,* J.

*John D. Hodges, Jr.,* for the plaintiff.

*Thomas Miller,* Assistant Attorney General, for the defendant.

KASS, J. The Alcoholic Beverages Control Commission (commission) charged Shamrock Liquors, Inc. (Shamrock), with a violation, among other statutory provisions and regulations, of G. L. c. 138, § 23 (as amended through St. 1976, c. 514), the text of which, so far as material, we set out in the margin.[1] Shamrock appealed to the Super-

---

[1] "No license issued under section twelve, fourteen or fifteen, and no certificate of fitness issued under section thirty, shall authorize the sale of any alcoholic beverages other than those purchased from a licensee under section eighteen or nineteen or from a holder of a special permit to sell issued under section twenty-two A . . . ."

ior Court under G. L. c. 30A, § 14, from an adverse finding of the commission and a consequent five-day suspension of Shamrock's liquor license. The motion judge entered summary judgment in favor of the commission and we affirm.

As soon as the issue of a § 23 violation was raised at the adjudicatory proceeding, Robert Kutner, a lawyer representing Shamrock, announced that the "chapter 138, section 23 charge of illegality will be admitted." He then proceeded to enumerate other charges which Shamrock proposed to contest. As Mr. Kutner was telling the commission what Shamrock conceded and what it proposed to resist, another lawyer, Kevin Sullivan, interjected with a request for a five-minute recess. Mr. Sullivan represented another defendant[2] and was apparently anxious that he and his colleague might be running up the white flag too soon on the § 23 charge. After a huddle[3] between the lawyers, Mr. Sullivan said, "Yes, we admit that there are sufficient facts to go ahead with section 23." Shortly before the end of the hearing before the commission, Mr. Sullivan said, "On this section 23 charge we admitted that there were sufficient facts."

In its statement of reasons, the commission found that "the licensee admitted to the facts needed to establish a violation of [c]hapter 138, [s]ection 23."

On appeal, Shamrock argues that the statements before the commission concerning a violation of G. L. c. 138, § 23, were perhaps admissions that there existed facts to warrant a finding adverse to Shamrock, but that the commission was bound to review the facts to see if they added up to an infraction under the statute. We

[2] That defendant, another package store, appears to have had certain business interests in common with Shamrock.

[3] We infer from the transcript of proceedings before the commission that a conference took place because Mr. Sullivan requested a five-minute recess, and then the transcript suggests a break in the flow of testimony, while a bit later in the proceedings a request for a recess met with a unanimous "no" from the commission.

disagree. Considered in terms of timing and context, the statements by Messrs. Kutner and Sullivan, quoted above, amounted to a stipulation by Shamrock that it had violated G. L. c. 138, § 23. It is obvious the commission so regarded the statements and did not press with proof on an issue that counsel said was not contested. The situation is distinguishable from those cases where an admission by a party during the course of testimony at trial is not determinative of issues of law. Compare *Gow* v. *Buckminster Hotel, Inc.*, 336 Mass. 606, 608 (1958); *Wasserman* v. *Tonelli*, 343 Mass. 253, 257 (1961). While it would have been desirable to secure from Shamrock an express stipulation of culpability on the § 23 violation, we recognize that administrative agencies frequently conduct their affairs with less formality than a court. *Parsons* v. *Board of Zoning Appeals*, 140 Conn. 290, 292 (1953). See *F.C.C.* v. *Pottsville Bdcst. Co.*, 309 U.S. 134, 142-144 (1940). Parties cannot steer administrative agencies into error and complain of it on judicial review. Cf. *Norway Cafe, Inc.* v. *Alcoholic Beverages Control Commn.*, ante 37, 39-40 (1979).

Shamrock's other contention is that G. L. c. 138, § 23, proscribes *sale* of alcoholic beverages not obtained from a licensed wholesaler, importer, manufacturer or holder of a special permit and that the evidence supported only a finding that there was a transfer in a vehicle licensed to Shamrock of cargo from an improperly licensed source; i.e., there was no specific evidence of subsequent sale of the beverages. Since a party cannot prevail here on an argument not made before an administrative agency, *Fioravanti* v. *State Racing Commn.*, 6 Mass. App. Ct. 299, 304 (1978), Shamrock's concession of violation of § 23 effectively forecloses it from making the argument before us. We do not need to decide, therefore, whether G. L. c. 138, § 30H, which provides that possession on the licensed premises of any alcoholic beverages "not authorized to be sold" shall be "prima facie evidence that such beverage or alcohol is kept for sale in violation of this

chapter," when read in conjunction with G. L. c. 138, § 23, leads to the conclusion that, when alcoholic beverages have been transported from an unlawful source to licensed premises, there is a violation of § 23 because those beverages are kept for sale.

*Judgment affirmed.*