Hinkle, J.
Pursuant to G.L.c. 30A, §14, petitioner Fasil Tsegaye seeks judicial review of a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“the Board”), affirming the decision of petitioner’s motor vehicle insurer Safety Insurance Company (“Safety”) to impose a surcharge on petitioner. All appeals have been timely filed. A hearing was held on this matter on October 11, 1994. Based on the administrative record and memoranda filed by both parties, I affirm the Board’s decision upholding Safety Insurance Company’s decision.
BACKGROUND
On March 14, 1992, at approximately 5:10 p.m., petitioner was traveling on the V.F.W. Parkway in Jamaica Plain. (Adm. Rec. at 5, 11, 16.) Shortly before an intersection, petitioner changed lanes and came to an abrupt stop at a traffic signal. Petitioner’s vehicle was then rear-ended by a vehicle traveling in the same lane. As a result of this accident, petitioner’s insurance company imposed a merit rating surcharge pursuant to G.L.c. 175, §113P. Petitioner appealed the surcharge assessment to the Board.
At the hearing before the Board on July 23, 1993, petitioner argued that because he was stopped when impacted from behind, he was not more than 50% at fault. (Adm. Rec. at 6.) To support its claim that petitioner was at fault, Safety offered three exhibits. First, Safety provided the report of the Metropolitan District Commission Police officer who responded to the accident. The report showed that two citations were issued to petitioner, including one for “Operating to Endanger” (Adm. Rec. at 15). Second, Safety provided a witness questionnaire completed by Dr. Jeffrey White which stated,
I observed [the petitioner] driving at an unsafe speed on the V.F.W. Parkway. He made profane gestures while attempting to pass other cars on V.F.W. I observed several unsafe, high speed lane changes by [the petitioner and I] observed a final unsafe lane change . . . which directly resulted in the collision between these two parties . . .
(Adm. Rec. at 11.) Safety also provided the second driver’s accident report which stated that the petitioner turned suddenly into her lane, causing her to hit his rear bumper. (Adm. Rec. at 16.)
Based on its review of the evidence, the Board found that petitioner had the burden of care under the specific circumstances existing at the time and place of the incident. Further, the Board determined that petitioner failed to exercise due care in the operation and control of his vehicle by failing to use caution when changing lanes and then abruptly stopping. The lane change could not be completed without impeding the safe operation of the second vehicle and interfering unduly with the normal movement of traffic. (Adm. Rec. at 6.)
Accordingly, the Board found that the petitioner was more than 50% at fault and upheld the surcharge. Petitioner then appealed to this court, claiming that the decision was based on inadmissible hearsay, an error of law and was not supported by substantial evidence.
DISCUSSION
The party appealing an administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989). In reviewing an agency decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Public Welfare, 412Mass. 416, *35 420 (1992); Seagram Distillers Co. v. Alcoholic Beverages Control Comm’n, 401 Mass. 713, 721 (1988). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Regional Vocational School District v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). This court should not dispute an administrative agency’s choice between two conflicting views, even though the court might have made a different choice had the matter come before it de novo. Zoning Bd. of Appeals of Wellesley v. Housing Appeals Comm’n, 385 Mass. 651, 657 (1982). Additionally, new claims may not be raised on appeal if they were not raised at the administrative appeal. M.H. Gordon & Son Inc. v. Alcoholic Beverages Control Comm’n, 7 Mass.App.Ct. 333, 335 (1979).
I find and rule that the decision of the Board of Appeals on Motor Vehicle Liability Policies and Bond affirming Safety Insurance Company’s decision to surcharge petitioner is supported by substantial evidence and the applicable law.
I. PETITIONER’S CLAIM OF INADMISSIBLE HEARSAY
Petitioner claims that the only evidence contradicting the petitioner was hearsay of the type which should be excluded from an administrative hearing.[2] Petitioner relies on Merisme v. Board of Appeals on Motor Vehicle Liability Policies and Bonds, 27 Mass.App.Ct. 470 (1989). In Merisme, the sole evidence relied upon by the Board of Appeals in determining the petitioner’s fault was a witness statement contained in a police report. There the issue was whether such double hearsay, without more, rose to the level of reliability on which fault may be determined. The Appeals Court stated; “the crucial point is not whether the only evidence relied upon is hearsay inadmissible in a court of law, but instead, is whether the hearsay carried with it certain ‘indicia of reliability and probative value’... If the hearsay testimony contained in the police report is determined to be reliable, then it supports the board’s decision.” 27 Mass.App.Ct. at 475, quoting Embers of Salisbury Inc. v. Alcoholic Beverages Control Comm’n., 401 Mass. 526, 530 (1988).
Unlike Merisme, here there is independent testimony of an unbiased eyewitness, Dr. White, whose testimony corroborates the hearsay in the police report. This hearsay is not “double” hearsay as the statements contained in the report are Dr. White’s own statements. Consequently, Merisme does not apply. Further, under M.G.L.c. 30A, §11(2) “agencies need not observe the rules of evidence observed by courts . . . Evidence may be admitted and given probative effect... if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs.” Accordingly, I rule that it was proper for the Board to consider the testimony in the police report.
II. PETITIONER’S CLAIM OF ERROR OF LAW
Under M.G.L.c. 175, §113P, the Board has established “standards of fault" to be used in determining when a driver is more than 50% at fault in causing a motor vehicle accident. 211 C.M.R. §§74.00 et seq. These presumptions as to fault, set forth in 211 C .M. R. §74.04, are “determinative unless a showing to the contrary is demonstrated by the evidence presented at an initial review or hearing . . .” 211 C.M.R. §74.03. These presumptions, if their application is supported by the evidence, are sufficient to meet the substantial evidence standard. See DiLoreto v. Fireman’s Fund Insurance Co., 383 Mass. 243, 249 n.5 (1981) (“Since we uphold the use of the presumption, we disagree... that the Board’s decision was not supported by substantial evidence”).
In this case, the Board stated that its decision was based in part on 211 C.M.R. §74.04, entitled “Situations in Which Fault Is In Excess of 50%,” which reads in part:
(4) Failure to change lanes with caution. An operator of a vehicle subject to the Safe Driver Insurance Plan which is in collision with another vehicle:
(a) which is moving in the opposite direction, on the proper side of the center line,
(b) while being passed by the other vehicle which passing vehicle is in its proper lane, or
(c) while passing the other vehicle which other vehicle is in its proper lane, shall be presumed to be at fault in excess of 50%.
Petitioner argues that §74.04(04) is inapplicable as it assumes “the factual situation where one vehicle makes contact while in the process of passing.” (Plaintiffs Memorandum in Support of Relief at 1.)
I agree with this argument. However, I find that the Board’s decision should be affirmed on an alternative basis. M.G.L.c. 30A, §14(7). Subsection 20 of 211 C.M.R. §74.04 provides:
(20) Failure to obey 720 CMR 9.00. An operator of a vehicle subject to. the Safe Driver Insurance Plan who fails to obey 720 CMR9.00, or who violates any provision of M.G.L. chs. 85, 89, or 90 and whose vehicle is in a collision shall be presumed to be at fault in excess of 50%.
The relevant portion of 720 CMR §9.00 reads:
9.06 Operation of Vehicles.
(4) Overtake Only When There is a Space Ahead. The driver of a vehicle shall not overtake and pass a vehicle proceeding in the same direction unless there is sufficient clear space ahead on the right side of the roadway to permit the overtaking to be completed without impeding the safe operation of any vehicle ahead or without causing the driver of any such vehicle to change his speed or alter his course, except as provided in 720 CMR 9.06(5).
*36 The Board’s decision contains laws and regulations regarding vehicle and highway safety, including the language of §9.06(4). While the decision does not discuss other authorities in detail, its conclusion broadly states that the decision is based on “the governing laws and regulations.” Accordingly, I rule that 211 C.M.R. §74.04(20) is applicable to this matter and provides a proper legal basis for the Board’s decision.
III. PETITIONER’S CLAIM OF INSUBSTANTIAL EVIDENCE
I conclude that substantial evidence supports the Board’s finding that the petitioner violated 211 C.M.R. §74.04(20). “Substantial evidence" means such evidence as a reasonable mind might accept as adequate to support a conclusion. M.G.L.c. 30A, §1(6). At the hearing before the Board, Safety presented the witness questionnaire, the police report and the second driver’s statement. Each supports the presumption that the petitioner was driving with undue care. Thus, the Board had ample evidence before it to conclude that the petitioner impeded the safe operation of the second driver’s vehicle when he passed her and then stopped.
ORDER
For the foregoing reasons, it is hereby ORDERED that judgment shall enter AFFIRMING the decision of the defendant Board of Appeal on Motor Vehicle Liabiliiy Policies and Bonds, upholding Safety Insurance Company’s imposition of a surcharge on petitioner Fasil Tsegaye’s insurance policy.

Petitioner also argues that the statements of Dr. White in the witness questionnaire should not be considered because they allege “what happened at other occasions on the road, not events that were the proximate cause of the accident. We cannot tell even whether he witnessed the final events." This argument is specious. Dr. White stated that he was “in my car which was behind the two vehicles involved in the accident ... I observed several high speed lane changes by [petitioner]. I observed a final unsafe lane change . . . which directly resulted in the collision between these two parties.” (Adm. Rec. at 11.)