Toomey, J.
Plaintiff, Kathleen Bisceglia, has timely appealed under G.L.c. 30A, §14(1),[1] from a decision[2] by defendant, Commissioner of the Massachusetts Division of Medical Assistance (DMA), in which she was denied eligibility for Medicaid benefits due to her status as a beneficiary of a Medicaid Qualifying Trust (MQT).[3] Following a hearing on June 27, 1996, this Court AFFIRMS the decision of the DMA for the following reasons.
BACKGROUND
The Court finds the following facts from the administrative record and transcripts of the hearing below:
1. Plaintiff lived at 65 Clinton Street in Shrewsbury, Massachusetts until she was admitted to a nursing home on June 10, 1987.
2. Plaintiffs husband, Joseph Bisceglia, Sr., was the sole owner of the Clinton Street property. At the time of the administrative hearing, the property was valued at $123,000.00.
3. On January 10, 1991, plaintiffs husband, Joseph Bisceglia, Sr., established “The 65 Clinton Street Trust” (Trust), which was irrevocable and funded by his transfer of the Clinton Street property to the Trust.
4. The trustees of the Trust are two of the Bisceglia’s sons, Matthew Bisceglia and Joseph Bisceglia, Jr.
5. The five beneficiaries of the Trust included Joseph, Sr., plaintiff, and the couple’s three sons, Matthew, Joseph, Jr., and Mark.
6. The Trust was created to shield the property from being impacted by Mark’s divorce proceedings; the shield was effected by naming Mark as a beneficiary instead of naming him as an owner of the property.
7. Plaintiff and her husband owned property located at 80 Seacoast Shore Boulevard in Falmouth, Massachusetts, which, at the time of the administrative hearing, was valued at $86,900.00.
8. Joseph, Sr. died on April 25, 1992, and, through his will, his half interest in the Falmouth property was transferred to the Trust.
9. On May 20, 1992, plaintiff deeded her half interest in the Falmouth property to the Trust.
10. The Shrewsbury and Falmouth properties are the only assets of the Trust.
11. Plaintiff had been a recipient of Medicaid for some time, but her case closed in September, 1993 because she received life insurance proceeds resulting from her husband’s death.
12. Upon exhaustion of the life insurance proceeds, plaintiff reapplied for Medicaid benefits, but her application was denied via notice from the Division dated March 11, 1994.
13. In its notice, the DMA supported its denial with the assertion that plaintiffs assets were in excess of the program’s eligibility limits.
DISCUSSION
Following a hearing on August 16, 1994, the appeals referee of the Board of Hearings affirmed the DMA’s denial of plaintiffs application for Medicaid benefits. Plaintiff now seeks judicial review under G.L.c. 30A, §14 of the DMA’s decision.
In reviewing the agency’s decision, the court is required, under G.L.c. 30A, §14(7), to give due weight to the DMA’s experience, technical competence, specialized knowledge, and the discretionary authority conferred on it by statute. M.G.L.c. 30A, §14(7); Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The court cannot substitute its judgment for that of the DMA. Southern Worcester County Regional Vocational School Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982), citing Olde Towne Liquor Store, Inc. v. Alcoholic Beverages Control Comm’n, 372 Mass. 152, 154 (1977). Moreover, the court must afford the agency “considerable leeway in interpreting a statute it is charged with enforcing.” Martinez v. Commissioner of Public Welfare, 397 Mass. 386, 392 (1986) quoting Grocery Mfrs. of Am. Inc. v. Department of Public Health, 379 Mass. 70, 75 (1979). In concluding a review pursuant to c. 30A, the court is to affirm the DMA’s decision if it is neither arbitrary nor capricious nor based on errors of law or unlawful procedure. G.L.c. 30A, §14(7)(c)(d)(g).
*169 The Division of Medical Assistance is the state agency responsible for administering benefits under Medicaid, a federal program created as Title XIX of the Social Security Act, 42 U.S.C. §§1396 et seq., to provide payment for medical services to eligible individuals. In order to receive federal funds, the Division must comply with federal Medicaid law. G.L.c. 118e, §21, guides the Massachusetts implementation of the Medicaid program and authorizes the Division to determine an applicant’s eligibility for Medicaid benefits. Moreover, the statute empowers the Division to promulgate rules and regulations to effectuate its purpose. G.L.c. 118e, §7.
The plaintiff bears the burden of proving the invalidity of the Division’s decision to deny her Medicaid benefits. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bds., 11 Mass.App.Ct. 470, 474 (1989); Faith Assembly of God v. State Bldg. Code Comm'n, 11 Mass.App.Ct. 333, 334 (1981), citing Almeida Bus Lines, Inc. v. Department of Pub. Utils., 348 Mass. 331, 342 (1965). In her appeal before this court, she seeks to satisfy that burden by demonstrating that the Division’s denial of Medicaid benefits was based on errors of law and unlawful procedure and was arbitrary and capricious. G.L.c. 30A, §14(7)(c)(d)(g).
Plaintiff argues that, in its denial of eligibility, the DMA acted in contravention of its own regulation, 130 CMR 502.140(B), by not notifying her of its reasons for its denial. Further, she argues that the DMA did not discuss her right to cure her ineligibility by selling her beneficial interest in the Trust property. Those arguments are, however, without merit because they are offered here, on review, for the first time. In Shamrock Liquors, Inc. v. Alcoholic Beverages Control Comm’n, 7 Mass.App.Ct. 333 (1979), the Appeals Court held that a party cannot prevail on an argument not pressed before an administrative agency. Shamrock Liquors, Inc. v. Alcoholic Beverages Control Comm’n, 7 Mass.App.Ct. 333, 335 (1979).[4] Having failed to raise the issue of proper notice by the DMA at the Board of Hearings, plaintiff will not be afforded an assessment of the issue on this review of the Board of Hearings action.
Assuming, arguendo, that plaintiffs contentions were not burdened by plaintiffs omission to present them below, the contentions would still fail because of their lack of substantive merit.
Under 130 CMR 502.140(B), the Division’s notice of denial “shall include the reason(s) for the denial, the specific regulation supporting the denial, and an explanation of the rightto appeal.” 130 CMR 502.140(B). The March 11, 1994 notice to plaintiff did contain all three elements. The notice recited that the DMA denied plaintiffs application because her “countable assets are over the program limit”; it also cited the applicable regulations and instructed her to spend $218,161.00 of her assets to become eligible. Plaintiff argues that the reasons were not fully explained and that the articulation of the suggested cure, calling for the spending down of her assets, was inadequate to inform her of how she might become eligible. Plaintiff claims that the omissions irreparably harmed her.
It is true that, while the notice contained curative language, the notice did not allude to the peculiar nature of her trust assets, which the DMA determined to be held in a Medicaid Qualifying Trust under 130 CMR 505.160(J).[5] Nor did the notice explain that her beneficial interest in the trust assets served to disqualify her as a Medicaid recipient. Yet, because her only assets were in a trust as to which her two sons were the trustees, it is implausible that she was unaware both that the Trust played a key role in the DMA’s decision and that she might persuade her sons to divest her of the property. Moreover, the notice provided her with the opportunity to call her DMA worker for more information on how to become eligible. The Division’s denial was not infected by an inadequate notice of decision and thus was not tainted by unlawful procedure. G.L.c. 30A, §14(7)(c)(d).[6]
With respect to the substance of the decision below, there is no cause to disturb the result reached by the DMA and the Board of Hearings. The determination that plaintiff was ineligible is amply supported by the record.
In Section 505.160(J)(1), a Medicaid Qualifying Trust (“MQTj is defined as:
a trust or similar legal device established other than by will by the applicant for or recipient of Medical Assistance or his or her spouse under which: (a) The applicant or recipient is a beneficiary of all or part of the payments from the trust; and (b) The distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the amount to be distributed to the applicant or recipient.
130 CMR 505.160(J)(1)(2). The 65 Clinton Street Trust was created by plaintiffs spouse, Joseph Bisceglia, Sr. Plaintiff is a beneficiary of the Trust and the trustees, two of her sons, have full discretionary power to distribute the trust assets. Thus, the Trust is a MQT. 130 CMR 505.160(J)(1)(2). If the trustees were to sell „ the Trust property, they would have full discretion to distribute any proceeds to plaintiff, even though she is just one of the four remaining beneficiaries. It is that discretion to distribute principal and income, coupled with plaintiffs beneficial interest in the trust assets, which renders her ineligible and is dispositive of her substantive claim. The Division’s denial did not constitute an error of law. G.L.c. 30A, §14(7)(c)(d).
Plaintiff further argues that, in its evaluation of her Medicaid application, the Division erred by assigning the full value of the Trust assets to her. The parties agree that the standard which the DMA must use to attribute trust assets to beneficiaries/applicants is that found in 130 CMR 505.160(J). However, they disagree on how the Division should implement that standard. On analysis, plaintiffs argument must fail.
*170 The parties’ debate arises with respect to the calculation of the amount attributable to plaintiff as a beneficiary of the trust. The above-cited regulation instructs that “(t]he amount deemed available to the applicant. . . is the maximum amount of payments that the trustee has discretion to disburse to the applicant... under the terms of the trust for the applicable budget period.” 130 CMR 505.160(J)(l)(b). Consistent with that regulatory language, the Supreme Judicial Court has held that when self-settled trusts (where the grantor or grantor’s spouse is also the beneficiary) are involved, the DMA must determine “what is the greatest amount the trustees in any circumstances have discretion to disburse. Cohen v. Commissioner of the Division of Medical Assistance, 423 Mass. 399, 1996 WL 434540 (August 2, 1996) at *4. The second article of the Trust at bar recites that, ”[t]he Trustees shall have authority to make any distributions of income or principal as they deem appropriate, . . ." The terms of the Clinton Street Trust thus permit the trustees to distribute the totality of the corpus to plaintiff, and that permit compels the conclusion that the totality of the corpus is to be deemed “available to the applicant.” 130 CMR 505.160(J)(l)(b).
Moreover, the Cohen court was unconcerned that the existence of more than one beneficiary in a MQT might result in a breach of the trustee’s fiduciary duty to the other beneficiaries if the beneficiary/applicant received all of the distributions available under the trust. Cohen at *8-*9. Although plaintiff argues that such a result would be unfair, the discretionary nature of the MQT is controlling. Implicit in the Cohen holding is the notion that the trustee cannot be in breach of his fiduciary duty to the remaining beneficiaries if he has full discretion over distributions of the trust’s principal and income. Cohen at *8-*9. Additionally, faced with a trust involving more than one beneficiary/applicant, the Cohen court still assigned to each the full amount of the value of the trust, even though such an assignment eliminated each applicant’s chance to secure Medicaid eligibility. Cohen at *9.
The trusts analyzed by the Cohen court were blatant efforts to shield assets from being counted toward the Medicaid program’s limits. Cohen at *1, *8-*9. They purported to vest the trustees with limited discretionary powers so as to not disqualify the beneficiaries for Medicaid. Id. At bar, the Trust grants the trustees full discretion, and, while its structure suggests that it was not established to shelter assets from Medicaid, shelters such as the instant entity are key targets of the Medicaid Qualifying Trust provisions of the regulations, notwithstanding the grantor’s intent. Cohen at * 1. If the grantor’s intent to shelter assets for other than Medicaid purposes is viewed as a legitimate device for preserving plaintiffs eligibility for Medicaid benefits, then the result would have a disastrous effect on the future of Medicaid. Other applicants would be able successfully to argue that their trusts were not disqualifying because the grantor had harbored a purpose distinct from Medicaid eligibility preservation. The trust would once again become an effective tool permitting an otherwise ineligible person to hide assets and therefore qualify for benefits. This court declines to breathe life into a device so inconsistent with the legislative purpose.[7]
Finally, plaintiff argues that the Division acted arbitrarily and capriciously in its decision not to grant her an exemption for her principal place of residence. See 130 CMR 505.170(A). Through G.L.c. 118e, §25(2), the legislature exempted income and resources stemming from the “ownership of one’s residence” in evaluating the assets for purposes of Medicaid eligibility. Thus, ownership of assets, in contrast to a beneficial interest in assets, is central to the legislative shelter. Had Kathleen owned the Clinton Street property outright, then the property would be exempt as a noncountable asset for purposes of Medicaid eligibility. Id. However, because her current interest in the property is that of a beneficiary and not of an owner, she falls outside §505.170(A). Plaintiff complains that her exclusion is unfair. But the spirit and letter of the MQT statute, and its state regulatory equivalent, demand such a result. This court cannot disregard the fact that plaintiffs assets rest in trust and are not directly owned by her as required by the regulatory exemption. Thus, the Division’s decision not to grant the exemption for the principal place of residence is in accordance with law. G.L.c. 30A, §14(7)(g).
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Division of Medical Assistance be AFFIRMED.

Section 14(1) provides judicial review in the superior court for any person aggrieved by an agency’s final decision. G.L.c. 30A, §14(1).

The administrative appeal was heard before the Board of Hearings of the Division of Medical Assistance on August 16, 1994. A decision was rendered on November 1, 1994.

In its regulations, the Division defines a Medicaid Qualifying Trust as a trust created by the applicant, or his or her spouse, in which the applicant is also a beneficiary and the trustee has discretion to distribute principal and income to said beneficiary. 130 CMR 505.160(J).

Although the Shamrock court referred to the argument’s failing at the Appeals Court level, it would also fail at the Superior Court level since the latter assumes an appellate role in a G.L.c. 30A proceeding. G.L.c. 30A, §14(1).

This regulation is discussed more fully below.

Under Section 505.160(H)(1)(a) of the Division’s regulations, real estate other than the applicant’s principal place of residence is a countable asset in terms of Medicaid eligibility. Yet, Section 505.160(H)(1)(b) provides a nine-month exemption, from the date of the DMA notice, for the value of such property so long as the applicant continues to try to sell the asset in good faith. Plaintiff argues that the DMA did not inform her of such an exemption. Plaintiff, however, is not the owner of the Falmouth property held in trust, and she has no power to sell it; she cannot, therefore, claim the exemption from the calculation of her assets.

At the federal level, the Medicaid Qualifying Trust statute was enacted to combat this widespread sheltering of assets. See 42 U.S.C. §1396a(k); Cohen at *l-*2. In Massachusetts, the regulation which implements this statutory mandate is 130 CMR 505.160(J).