GLORIA MARTINEZ & others[1] *vs.* COMMISSIONER OF
PUBLIC WELFARE.

Hampden. March 4, 1986. — April 22, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Public Welfare. Aid to Families with Dependent Children. Administrative
Law,* Agency's interpretation of statute.

Retrospective budgeting practices prescribed by Federal law, under which
the Department of Public Welfare determined the amount of a family's
grant for a given month under the program of Aid to Families with
Dependent Children (AFDC) by reference to the family's actual income
or circumstances that existed in a previous month, did not violate lan-
guage of G. L. c. 118, § 2, requiring the payment of assistance
"semimonthly in advance." [389-392]

A recipient of Aid to Families with Dependent Children (AFDC), whose
grant had been set by the Department of Public Welfare in accordance
with federally-prescribed retrospective budgeting standards, and who,
as the result of unemployment occurring after this determination had
been made, received for the months of March and April, 1983, payments
which did not meet her increased needs, was not entitled under G. L.
c. 118, § 2, to supplemental AFDC payments from the department to
compensate her for the loss of earned income during the months in
question. [392-393]

CIVIL ACTION commenced in the Superior Court Department
on May 25, 1983.

The case was heard by *William W. Simons,* J., on a motion
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

---

[1] Doris Jones and Anna Kubetin.
We do not address the other claims separately, as each of the parties is
seeking the same relief. Moreover, as stated in the plaintiffs' brief, each
of these claims will "rise or fall with Ms. Martinez's case."

*Kim E. Murdock,* Assistant Attorney General, for the defendant.

*J. Paterson Rae* for the plaintiffs.

NOLAN, J. The plaintiff, Gloria Martinez, challenges the failure of the Department of Public Welfare (department) to supplement her grant issued under the program called Aid to Families with Dependent Children (AFDC). The plaintiff is the mother of two minor children. In 1983, she was receiving a grant from the department. See G. L. c. 118, § 2 (1984 ed.).

To qualify for AFDC, an applicant must meet the categorical and financial eligibility requirements established by the department. See *Civetti* v. *Commissioner of Pub. Welfare,* 392 Mass. 474, 476 n.4 (1984). See also 106 Code Mass. Regs. § 304.000, 324 Mass. Reg. 20-32 (Aug. 12, 1982). Financial eligibility is determined by the application of two tests. See 106 Code Mass. Regs. § 304.260. Under the first test, as it was applied to the plaintiff, the total income of the "assistance unit" (family), excluding noncountable income, see 106 Code Mass. Regs. § 304.250, 324 Mass. Reg. 34-35 (Aug. 5, 1982), could not exceed 150% of the established "need standard." The standard of need in Massachusetts is determined in part on the basis of the cost of food, rent, fuel, utilities, and other necessities. See *ABCD, Inc.* v. *Commissioner of Pub. Welfare,* 378 Mass. 327, 331 n.9 (1979). In April, 1983, the need standard for a family of three was set at $398.20. See 106 Code Mass. Regs. § 304.410 (1982) (table of need standards).

In January, 1983, the plaintiff had a gross monthly income of $423.80. Since this amount did not exceed 150% of the existing need standard,[2] the plaintiff satisfied the first test. After applying the second test of financial eligibility, see 106 Code Mass. Regs. § 304.260(B), it was determined that the plaintiff and her two children were eligible for a grant in the total amount of $150.65.[3] See 106 Code Mass. Regs.

[2] One hundred and fifty per cent of the need standard for a family of three was $597.30 in April, 1983. See 106 Code Mass. Regs. § 304.400 (1982) (table of eligibility standards).

[3] The plaintiff received a cash grant of $87.65 and a recoupment vendor payment of $63.

§ 304.500 (1982). The plaintiff's family received this grant during the early months of 1983. On March 12, 1983, the plaintiff lost her job. Her only income, therefore, was the AFDC grant. The plaintiff promptly reported her changed circumstances to the department and requested that her grant be increased to $379.20, the maximum AFDC amount then payable to a family of three. See 106 Code Mass. Regs. § 304.420 (1982) (table of payment standards). The department refused to adjust or to supplement the plaintiff's grant for March. The plaintiff was informed that because of the department's "retrospective budgeting," see *infra,* her grant could not be increased until May, 1983. On March 31, 1983, the plaintiff filed an appeal with the department. A hearing was held on April 11, 1983. On April 25, 1983, the hearing referee ruled that "[t]he denial by the Department to issue a supplementary payment [was] correct."

On May 25, 1983, the plaintiff filed this action in the Superior Court seeking review of the department's decision. See G. L. c. 30A, § 14 (1984 ed.). The plaintiff also sought declaratory and injunctive relief, and attorney's fees.[4]

On August 8, 1983, the plaintiff filed a motion pursuant to Mass. R. Civ. P. 23, 365 Mass. 767 (1974), seeking to certify as a class all "recipients of AFDC who have been, are being or will be subjected to the defendant's practice of refusing to supplement the monthly AFDC grants of recipients whose incomes have decreased since the Department determined the amount of benefits to which they were entitled." The plaintiff also filed a motion for summary judgment. See Mass. R. Civ.

---

[4] The plaintiff requested the Superior Court to declare that the department's refusal to supplement AFDC grants constituted a violation of the equal protection clause of the Fourteenth Amendment to the United States Constitution and art. 1 of the Massachusetts Declaration of Rights. See *Campbell v. Commissioner of Pub. Welfare, post* 394, 398-400 (1986). The plaintiff's claim for attorney's fees was based on 42 U.S.C. § 1988 (1982).

The judge did not reach the issue whether the department's conduct violated either the Federal or State Constitution. Nevertheless, the judge awarded the plaintiff attorney's fees based on his ruling that the plaintiff was the prevailing party. Since we reverse the judgment of the Superior Court, see *infra,* the plaintiff is not the prevailing party, and, therefore, not entitled to an award of attorney's fees.

P. 56 (a), 365 Mass. 824 (1974). The department filed a cross motion for summary judgment on August 23, 1983. See Mass. R. Civ. P. 56 (b), 365 Mass. 824 (1974).

On July 18, 1984, the judge allowed the plaintiff's motion for summary judgment. In his judgment, the judge (1) certified the class; (2) issued a declaration pursuant to G. L. c. 231A (1984 ed.), stating that the department's refusal to supplement AFDC grants violated G. L. c. 118, § 2; (3) permanently enjoined the department from refusing to supplement the AFDC grants of recipients whose incomes decrease after the department has determined the amount of aid to which they are entitled; (4) ordered the department to pay money owed as a result of the department's failure to supplement AFDC grants; and (5) awarded attorney's fees to the prevailing party. We granted the department's application for direct appellate review. We reverse the judgment of the Superior Court.

*The AFDC program.* AFDC is a joint Federal and State welfare program that originated as part of the Social Security Act of 1935. State participation in the program is voluntary. See *King* v. *Smith,* 392 U.S. 309, 316 (1968). However, if a State elects to participate, it must comply with Federal requirements "as a pre-condition to [receiving] reimbursement by the Federal government of a percentage . . . of the payment made to AFDC recipients." *ABCD, Inc.* v. *Commissioner of Pub. Welfare, supra* at 331. See generally Lupu, Welfare and Federalism: AFDC Eligibility Policies and the Scope of State Discretion, 57 B.U.L. Rev. 1, 1-3 (1977). The Commonwealth has participated in the AFDC program for the past fifty years. See St. 1936, c. 413, § 1. At the present time, the Federal government reimburses the Commonwealth for approximately 50% of the payments made to AFDC recipients. See *Civetti* v. *Commissioner of Pub. Welfare, supra* at 476 n.3.

In 1981, Congress enacted the "Omnibus Budget Reconciliation Act of 1981" (OBRA), Pub. L. No. 97-35, reprinted in 1981 U.S. Code Cong. & Adm. News 357. Sections 2301 through 2321 of OBRA legislated major changes in the Federal AFDC program. See *Philadelphia Citizens in Action* v. *Schweiker,* 527 F. Supp. 182, 185 (E.D. Pa. 1981), rev'd

on other grounds, 669 F.2d 877 (2d Cir. 1982). Of significance to this case is the change effectuated by § 2315(a), which requires States to use a system of prospective budgeting to determine whether a family is eligible for AFDC, and a system of retrospective budgeting to determine the amount of such aid after eligibility has been established. See 42 U.S.C. § 602(a) (13) (1982); 45 C.F.R. § 233.31(a) (1985).[5] In October, 1982, the department adopted regulations to implement the changes mandated by Congress. See, e.g., 106 Code Mass. Regs. §§ 302.900-302.920, 332 Mass. Reg. 2-3 (Oct. 7, 1982).[6]

Under the prospective budgeting system, the State agency administering the AFDC program determines eligibility (and the amount of the grant for month one) based upon an *estimate* of the income and circumstances that will exist during the application month. 45 C.F.R. § 233.31(b)(1) (1985). With retrospective budgeting, however, the agency determines the amount of assistance a family will receive in a subsequent month based upon the *actual* income or circumstances that existed in a previous month. 45 C.F.R. § 233.31(b)(2) (1985). For example, in the plaintiff's case, she was required to report her January, 1983, earnings of $423.80 to the department in February, 1983. Under retrospective budgeting, January is denoted as the "budget month." See 106 Code Mass. Regs. § 302.910; 45 C.F.R. § 233.32(b)(3) (1985). The department would then use the plaintiff's actual budget month earnings to determine the amount of aid she and her family should receive during the "payment month" of March, 1983. See 106 Code

---

[5] In relevant part, 45 C.F.R. § 233.31(a) (1985) provides: "A State plan for AFDC shall specify that all factors of eligibility shall be determined prospectively and the amount of the assistance . . . shall be determined using retrospective budgeting . . . ."

[6] The regulations adopted provide: "The Department shall establish initial eligibility prospectively based on its best estimate of income and circumstances which will exist in the first cyclical month and the cyclical month immediately following.

"After the first two (2) cyclical months in which benefits have been paid, the grant amount shall be determined retrospectively based on information received on the corresponding budget month." 106 Code Mass. Regs. § 302.920(A), (B) (1985).

Mass. Regs. §§ 302.900, 302.910(F); 45 C.F.R. § 233.31 (b)(4) (1985).

As the plaintiff correctly points out, a problem arises with retrospective budgeting when the AFDC recipient does not actually earn the money in the payment month that was taken into consideration by the department when it determined the amount of the grant that should be paid to the recipient. As a result of this occurrence, the recipient has less money for that payment month than anticipated by the department.[7] The plaintiff does not, however, dispute that the department was required to adopt retrospective budgeting procedures. Rather, the plaintiff argues that to comply with G. L. c. 118, § 2, the department must supplement the AFDC grant of a recipient who suffers a loss of income in the payment month. We disagree.

In relevant part, G. L. c. 118, § 2, provides that the aid furnished to an AFDC recipient "shall be in an amount to be determined in accordance with the budgetary standards of the Department, and shall be granted from the date of application therefore. Such assistance shall be paid . . . semimonthly in advance unless the applicant prefers less frequent payments."

The thrust of the plaintiff's claim is that payment "in advance" means payment in advance of need, and thus an AFDC recipient should not be required to wait to receive an increase in aid in those circumstances where there is a loss of income in the payment month. We are not unsympathetic to the financial plight of a person in the plaintiff's position. Nevertheless, G. L. c. 118, § 2, specifically provides that the "amount" of

---

[7] A different problem occurs under prospective budgeting. With prospective budgeting, the amount of the grant that will be paid during a given month is based on an estimate of the income and circumstances that will exist in that particular payment month. Thus, overpayments result when the amount of a recipient's grant is based on a low estimated income for that particular month, and the recipient actually earns more money than the department anticipated. The legislative history of OBRA indicates that retrospective budgeting was implemented in part to correct the high percentage of payment errors existing under the prospective budgeting system. See S. Rep. No. 139, 97th Cong., 1st Sess. 516-517 (1981). See also *DeJesus* v. *Perales,* 770 F.2d 316, 323 n.9 (2d Cir. 1985). It was estimated that retrospective budgeting would result in a saving of $187,000,000 in 1983 and $195,000,000 in 1984. See S. Rep. No. 139, *supra* at 517.

assistance a recipient is entitled to receive is to be determined "in accordance with [the] budgetary standards of the department." We have consistently recognized that an agency "has considerable leeway in interpreting a statute it is charged with enforcing." *Grocery Mfrs. of Am., Inc.* v. *Department of Pub. Health,* 379 Mass. 70, 75 (1979). This principle, however, is "one of deference, not abdication," and this court will not hesitate to overrule agency interpretations of statutes when those interpretations are unreasonable. See *Boston Preservation Alliance, Inc.* v. *Secretary of Envtl. Affairs,* 396 Mass. 489, 498 (1986).

In the circumstances of this case, the department's interpretation of G. L. c. 118, § 2, is not unreasonable. The plaintiff has pointed to no language in the statute that would mandate the supplemental payments ordered by the Superior Court. The amount of aid the plaintiff was to receive during March and April, 1983, was determined based on the department's retrospective budgeting standards. The amount of aid to be received is a matter which the statute clearly leaves to the department.

The fortuity that the grant received by an AFDC family might not reflect the actual needs of the family during the payment month was not unforeseen by Congress. In 1982, Congress enacted Pub. L. 97-248, § 157(a), codified at 42 U.S.C. § 603(a) (1982). Under this statute, a State may supplement an AFDC grant to reflect a family's current or anticipated needs. Although the Federal government will not reimburse a State for such a supplement, the amount awarded by the State will not be considered as income for purposes of determining the amount of the family's grant in a succeeding month. *Id.*

However, it was not until 1985 that the Massachusetts Legislature provided appropriations for a supplemental payment to families that have suffered a "reduction in [AFDC] benefits due to their loss of earned income and participation in retrospective budgeting." St. 1985, c. 140, § 2, line item 4403-2000.[8] We do not agree that G. L. c. 118, § 2, otherwise

---

[8] The department asserts that appropriations were available prior to the Superior Court judgment on January 4, 1985, citing St. 1984, c. 234, § 2,

requires the department to provide supplemental AFDC payments to families who have suffered a loss of earned income. Even though the plaintiff was to receive less money than indicated by 106 Code Mass. Regs. § 304.420 (1985), she was still receiving this money "in advance" and in an amount calculated according to the department's budgeting standards.

The judgment of the Superior Court is reversed.

*So ordered.*

line item 4405-2000. This provision does not mention AFDC recipients. Cf. 106 Code Mass. Regs. § 302.980, 455 Mass. Reg. 4 (Feb. 14, 1985).