ROBERT J. LONG *vs*. COMMISSIONER OF PUBLIC SAFETY.

No. 87-153.

Middlesex.  December 7, 1987. — May 24, 1988.

Present: GRANT, SMITH, & FINE, JJ.

*State Police. Commissioner of Public Safety. Police,* Promotional examination. *Public Employment,* Police. *Civil Service,* Police, Testing, Arbitrary or capricious action. *Words,* "Seniority."

In an action for a declaratory judgment brought by a State Police detective lieutenant inspector seeking seniority credit for promotion for years he spent performing the duties of a lieutenant detective when he did not hold that rank, the judge erred in ruling that the Commissioner of Public Safety's action in limiting seniority to "years of service in grade as a detective lieutenant" for the purpose of ranking candidates for promotion to the position of captain of detectives was arbitrary and capricious. [65-66]

CIVIL ACTION commenced in the Superior Court Department on July 25, 1986.

The case was heard by *Jeremiah J. Sullivan,* J., sitting under statutory authority.

*Eric J. Mogilnicki,* Assistant Attorney General, for the Commissioner of Public Safety.

*Timothy M. Burke* for the plaintiff.

SMITH, J.  On July 25, 1986, the plaintiff, a detective lieutenant inspector in the State police and an applicant for the position of captain of detectives, brought an action in the Superior Court against the Commissioner of Public Safety (commissioner). The complaint sought a declaration that he was entitled to a higher mark for seniority on the promotional examination. The matter was tried before a judge sitting without jury who found for the plaintiff. The commissioner has appealed from the ensuing judgment.

Relevant to the issue presented by this case, there are two pertinent divisions of the State police, the uniformed branch (State constabulary) and the detective branch (office of investigation and intelligence). Members of the uniformed branch are appointed under the authority of G. L. c. 22, § 9A, which both outlines the manner of appointment and explicitly exempts the appointees from the requirements of the civil service laws. See *Massachusetts Bd. of Retirement* v. *Murgia*, 427 U.S. 307, 308 n.1 (1976). Applicants for the uniformed branch take an examination given by the State police, are trained at the State police academy, and, after they graduate, are sworn in as State police officers in that branch. Promotions within that branch to the rank of noncommissioned officer, lieutenant, and captain are governed by G. L. c. 22, § 9O, which sets out the requirements for the examination and the standards for promotion. Promotion beyond the grade of captain in the uniformed branch (i.e, to major, lieutenant colonel, and deputy superintendent) is governed by G. L. c. 22, § 9P, which does not require an examination and omits standards for promotion.

Prior to 1977, appointments to the detective branch were governed by G. L. c. 22, § 6, and were subject to civil service laws. At that time, the detective branch drew its members, for the most part, from "outside" police agencies. Promotions beyond entry level (lieutenant) were governed solely by civil service laws. Chapter 22 did not specify the standards for promotion within the detective branch. Because of the civil service requirements as to § 6 appointees, a State police officer appointed under § 9A could not enter the detective branch except by resigning his former position and gaining an appointment under G. L. c. 22, § 6, and the civil service laws.

In 1977, the Legislature sought to erase some of these anomalies by creating a new position of detective lieutenant inspector in the detective branch, exempt from the civil service laws.[1] G. L. c. 22, § 9S. The legislation established a competi-

---

[1]Rule 4.6 of the Rules and Regulations of the Massachusetts State Police defines the function and responsibilities for a detective lieutenant inspector as follows:

"Duties of a State Police Detective Lieutenant. A State Police Detective Lieutenant shall, under the direction of the Captain of State Police Detectives,

tive examination and standards for promotion to that rank for all applicants, including members of the uniformed branch. In creating the new position, however, the Legislature did not alter statutory provisions relating to promotion beyond the rank of detective lieutenant inspector. General Laws c. 22, § 9P, still provided that the ranks of major and lieutenant colonel in the detective branch must be filled only by officers appointed pursuant to G. L. c. 22, § 6. No provision of the General Laws, however, establishes standards for promotion to those ranks or requires competitive examinations for those positions.

On March 11, 1986, the commissioner notified qualified officers, including the plaintiff, of a promotional examination for the rank of captain of detectives in the detective branch. That position is recognized in G. L. c. 22, § 9P. No statute explicitly authorizes appointments of officers to that rank by the commissioner; his authority is implicit, however, in G. L. c. 22, § 6, which provides in part that "[t]he commissioner may appoint, transfer and remove officers, inspectors, experts, clerks and other assistants." In any event, both parties agree that the commissioner has the authority to establish criteria for promotion to the position of captain of detectives and to make appointments to that position.

The notice of the examination stated that the promotion would be based on four factors which were assigned certain weights. They were: (1) written examination, 55 per cent; (2) performance evaluation, 15 per cent; (3) oral interview, 15 per cent; and (4) seniority, 15 per cent. In regard to the last factor, the notice stated that "seniority will be based on years of service in grade as a detective lieutenant . . . , not to exceed a maximum of 20 years."

The plaintiff, along with other detective lieutenants, took the examination. He received 1,670.85 of a possible 2,000 points, broken down as follows: 990 of 1,100 possible points on the written examination, 299 of 300 points on job performance, 290.6 of 300 points on the oral interview, and 91.25 of

investigate major crimes and criminal activities, effect the detection and arrest of criminals, collect evidence, and assist in the preparation and prosecution of cases in court, and perform related work as required."

300 possible points for seniority. The reason the plaintiff received a low mark on the seniority factor was that he was not given any credit by the commissioner for the time that he claimed he had spent performing the same functions as a detective lieutenant while a member of the uniformed branch. With his final score of 83.542 per cent, the plaintiff ranked sixth on the promotional list. If he had been given credit for the time he had spent performing the same functions of a detective lieutenant while not holding that rank, he would have been second on the list.

The plaintiff appealed from his seniority mark to a board appointed by the commissioner to hear appeals concerning the examination. His appeal was denied, and the plaintiff then filed the instant complaint in Superior Court. He claimed, essentially, that the commissioner's definition of seniority as years of service in grade as a detective lieutenant was arbitrary and capricious, and he asked that a declaration issue stating that the plaintiff is "entitled to seniority credit for the years he spent performing the work of a detective lieutenant and [that] the [commissioner] be ordered to readjust plaintiff's seniority credit accordingly."

At the trial, the facts were not disputed. The plaintiff was appointed to the uniformed branch in 1968. Members of that branch patrol the highways. In addition, that branch has within it several units whose functions are to investigate crime. After the plaintiff graduated from the State police academy, he was assigned to road patrol duty. In 1972, he was assigned to the criminal intelligence bureau, one of those units within the uniformed branch whose function was to investigate major crimes. Later he was assigned to other units and details within the uniformed branch. From 1972 to 1981, he performed the same functions as a detective lieutenant inspector in the detective branch in that he "investigate[d] major crimes and criminal activities, effect[d] the detection and arrest of criminals, collect[ed] evidence and assist[ed] in the preparation and prosecution of cases in court, and perform[ed] related work as required" (see note 1, *supra*). He performed those functions while a member of the uniformed branch and was not assigned or trans-

ferred, temporarily or otherwise, during the relevant period to the detective branch. Other members of the uniformed branch during the years 1972 to 1981 performed similar functions to those performed by the plaintiff. In 1981, the plaintiff was promoted to the rank of detective lieutenant inspector in the detective branch, having passed an examination for that position.

In finding for the plaintiff, the judge ruled that the commissioner's action in limiting seniority to "years of service in grade as a detective lieutenant" was arbitrary and capricious. He ordered that the plaintiff be given seniority credit for the years (1972-1981) that he had spent performing the duties of a detective lieutenant when he did not hold that rank, and that the plaintiff's position on the promotional list be adjusted accordingly. He also ordered that the commissioner be restrained from making any promotions from the list until further order of the court. On appeal, the commissioner challenges the judge's ruling that his action in defining seniority was arbitrary and capricious.

"Arbitrary and capricious action on the part of an executive officer is willful and unreasoning action without consideration and in disregard of facts and circumstances." *Thomson* v. *Wyoming In-Stream Flow Committee*, 651 P.2d 778, 791 (Wyo. 1982). Cella, Administrative Law and Practice § 1574 (1986). In reviewing the action of an administrator, the court "must apply all rational presumptions in favor of the validity of the administrative action and not declare it void unless its provisions cannot by any reasonable construction be interpreted in harmony with the legislative mandate." *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 776 (1980), quoting from *Consolidated Cigar Corp.* v. *Department of Pub. Health*, 372 Mass. 844, 855 (1977). On this record, we cannot say that the commissioner's action was arbitrary and capricious.

We observe that the Legislature has not specified that seniority is a necessary qualification for promotion to the higher grades in the State police. See G. L. c. 22, § 9P. Nothing in the appropriate statutes suggests in any way that particular types of experience in the uniformed branch would be relevant

to promotions in the detective branch. The commissioner could reasonably conclude that seniority specifically in the detective branch is indicative of an applicant's qualifications for higher rank in that branch, and seniority or functionally equivalent experiences in the uniformed branch are not.

While time in grade may not be a perfect test of qualifications, even in conjunction with other tests, it is a rational standard. The measurement of experience performing a function such as criminal investigation is more subjective, and more likely to cause controversy, than either time in service or time in grade.

Finally, it is undisputed that the candidates for the position of detective captain included both persons appointed under G. L. c. 22, § 6, who had entered the detective branch from outside police departments, and an appointee under G. L. c. 22, § 9A (the plaintiff), who had entered from the uniformed branch. The commissioner could reasonably conclude that it would be unfair to those § 6 candidates to count the plaintiff's experience in the uniformed branch and not their prior experience in other police departments.[2]

The judgment is reversed, and a new judgment is to be entered declaring that the plaintiff is not entitled to additional seniority credit for experience prior to his becoming a detective lieutenant inspector.

*So ordered.*

---

[2]The trial judge in his memorandum of decision found as a fact that members of the State police appointed under G. L. c. 22, § 9A, must retire at the age of fifty years while G. L. c. 22, § 6, appointments need not retire until age sixty-five. He then ruled that "[t]he differences in the retirement ages . . . render the [commissioner's] standards for promotion discriminatory and therefore arbitrary and capricious." Both parties ignore this ruling in their briefs. In any event, we do not find any merit in it.