KErn, LEiia R., J.
The plaintiff, Barry J. Astukewicz (Mr. Astukewicz), son of and guardian for Ethel F. Astukewicz (Mrs. Astukewicz), brought this action pursuant to G.L.c. 30A, §14 challenging the defendant’s denial of Mrs. Astukewicz’s application for healthcare benefits. In accordance with Standing Order 1-96, Mr. Astukewicz filed this Motion for Judgment on the Pleadings. For the following reasons, the plaintiffs motion is DENIED.
BACKGROUND
On September 27, 2007, Mr. Astukewicz, as guardian for Mrs. Astukewicz, filed an application for Senior Medical Long-Term Care Benefits through MassH-ealth/Medicaid, [1] a program administered by the Massachusetts Executive Office of Health and Human Services, Division of Medical Assistance. The Division denied Mrs. Astukewicz’s application on November 6, 2007 because it determined that her total assets were $18,665.00. The maximum allowed assets for MassH-ealth eligibility is $2,000. 130 Code Mass. Regs. §520.003(A)(1). On November 19, 2007, Mr. As-tukewicz wrote the Division, disputing its denial. He offered several documents in support of his argument that Mrs. Astukewicz’s assets were within the $2,000 limit. In substance, Mr. Astukewicz claimed that the Division erroneously included in Mrs. Astukewicz’s assets a client fund account held by him on her behalf, containing $8,000 to cover fees and costs associated with the MassHealth application process and annual guardianship fees. He argued that if that amount were not included in MassHealth’s calculations Mrs. As-tukewicz would be eligible for MassHealth. Mr. As-tukewicz also claimed that she could not access the funds in the client account because a Worcester Probate Court Order dated July 23, 2007, entered in response to Mr. Astukewicz’s motion for the same, authorized the funds to be set aside and used for legal fees and expenses.[2]
On December 3, 2007, Mr. Astukewicz wrote the Division’s Board of Hearings and requested a fair hearing on the Division’s ineligibility determination. The hearing was scheduled for Januaiy 14, 2008. In the interim, on December 24, 2007, the Division entered a final decision denying Mrs. Astukewicz’s claim for MassHealth benefits, again stating that her total assets exceeded $2,000. The Division included the client fund account in its calculations and found that Mrs. Astukewicz had only reduced her assets to $9,945.22. Mr. Astukewicz appealed the final denial and requested he be heard on both of his appeals during his hearing scheduled on Januaiy 14, 2008.
Hearing Officer Stanley Kallianidis (“Kallianidis”) conducted the appeal hearing via teleconference on Januaiy 14, 2008. He denied Mr. Astukewicz’s appeal on Januaiy 25, 2008. Kallianidis found that the client fund account was an asset that must be included in the calculation of assets for eligibility purposes. He reasoned that the MassHealth regulations only allow guardianship fees to be deducted from a member’s income, not from an applicant’s assets.[3] Further, Kallianidis found that Mrs. Astukewicz had access to the assets in the client fund account because her guardian and son, Mr. Astukewicz, had full access to the account. As the Worcester Probate Court order did not require Mr. Astukewicz to set the funds aside, but merely authorized him to do so, Kallianidis was not persuaded that the order prevented Mr. Astukewicz from returning the money to Mrs. Astukewicz or using it for other purposes not named in the order.
Mr. Astukewicz filed a request for a rehearing on Februaiy 5, 2008. The Medicaid Director denied his *146 request because he had not shown good cause for a rehearing. The Director notified Mr. Astukewicz that, although the Division’s decision was final, he was entitled to judicial review of the decision in the Superior Court. Mr. Astukewicz filed this appeal pursuant to G.L.c. 30A, §14 and Standing Order 1-96 on February 21, 2008, claiming that the decision was arbitrary and capricious and not supported by substantial evidence.
DISCUSSION I. Standard of Review Under G.L.c. 30A, §14
Judicial review of an agency decision is confined to the administrative record. G.L.c. 30A, §14(4) and (5). The petitioner bears the burden of demonstrating the invalidity of the agency’s decision. See Merisme v. Bd. of App. on Motor Vehicle Liab., 27 Mass.App.Ct. 470, 474 (1989). In reviewing an agency decision, the court is required to give “due weight to the experience, technical competence and specialized knowledge of the agency, as well as to the discretionary authoriiy conferred on it.” Flint v. Comm’r of Pub. Welfare, 412 Mass. 416, 420 (1992) (quoting G.L.c. 30A, §14(7) (1990 ed.)). The court may not substitute its judgment for that of the agency. S. Worcester County Reg’l Voc’l Sch. v. Labor ReL Comm’n, 386 Mass. 414, 420-21 (1982). The court may reverse, remand, or modify an agency decision only if “the substantial rights of any party may have been prejudiced” by an agency decision that is based on an error of law or on unlawful procedure, is arbitrary and capricious, or is unwarranted by the facts found by the agency and unsupported by substantial evidence. G.L.c. 30A, §14(7). Mr. Astukewicz challenges the agency’s decision on the grounds that it was not supported by substantial evidence and was arbitrary and capricious.
II. Substantial Evidence
Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion, considering “whatever in the record fairly detracts from [the evidence’s] weight.” New Boston Garden Corp. v. Bd. of Assessors of Boston, 383 Mass. 456, 466 (1981). The court will defer to the expertise of the agency “where the Legislature has delegated its decision making authoriiy [to the agency].” See Cambridge v. Department of Telecomm., 449 Mass. 868, 875 (2007). The agency under review “has considerable leeway in interpreting a statute it is charged with enforcing.” Martinez v. Comm’r of Pub. Welfare, 397 Mass. 386, 392 (1986). An agency’s interpretation of its related regulations should only be overturned if it is unreasonable. Id. In the present case, the evidence is not disputed; rather, it is the Division’s interpretation of 130 Code Mass. Regs. §520.001 et seq., and its application of the evidence thereto that is challenged.
The MassHealth system requires an applicant to be sufficiently indigent before she is eligible for benefits. Pursuant to 130 Code Mass. Regs. §520.003(A), an individual applicant may not have “countable assets” in excess of $2,000. A “countable asset” is defined as “assets to which the applicant . . . would be entitled whether or not these assets are actually received when failure to receive such assets results from the action or inaction of the applicant... or person acting on his or her behalf.” 130 Code Mass. Regs. §520.007. Bank accounts are countable assets where “the applicant or member has both ownership of and access to such funds.” 130 Code Mass. Regs. §520.007(B)(2). Ownership and access are determined in accordance with §520.005 (“Ownership of Assets”) and §520.006 (“Inaccessible Assets”). Section 520.005(A) states that “[a]ssets owned exclusively by an applicant or member . . . are counted in their entirety when determining eligibility for MassHealth ...” An asset is inaccessible if “the applicant or member has no legal access. The Division does not count an inaccessible asset when determining eligibility for MassHealth . . .” 130 Code Mass. Regs. §520.006(A). Guardianship fees cannot be used to reduce countable assets. They may only be deducted from a member’s income for the purpose of determining the amount a patient must contribute to paying for long-term care. See 130 Code Mass. Regs. §520.014, 520.026.
Mr. Astukewicz claims that the hearing officer, Kallianidis, mlsclassified the client fund account as a countable asset, and that this determination was not based on substantial evidence. In particular, Mr. As-tukewicz disputes Kallianidis’s interpretation of the Worcester Probate Court order and his finding that Mrs. Astukewicz had access to the $8,000 client fund account via Mr. Astukewicz because he was her son, guardian and attorney.
Kallianidis found that the assets in the client fund account were countable assets based on Mr. Astukewicz’s access to those funds as Mrs. Astukewicz’s guardian and attorney. Kallianidis acknowledged the Worcester Probate Court order, but did not give it the weight that Mr. Astukewicz urged. Kallianidis found that the order merely authorized Mr. Astukewicz to set aside $8,000 for the purpose of paying legal fees and expenses; it did not require him to create such an account, nor did it prohibit him from returning those funds to Mrs. Astukewicz. On those grounds, he determined that Mrs. Astukewicz could have access to those funds if Mr. Astukewicz so chose. As stated in the Division’s letter denying a rehearing, assets are countable if the applicant would be entitled to them but did not receive them because of the action or inaction of a person acting on the applicant’s behalf. See 130 Code Mass. Regs. §519.011(B) (cited by the Division); see also 130 Code Mass. Regs. §520.007. Here, the Division opined that Mr. Astukewicz’s motion to set aside the funds — for his own benefit, as they were used to pay his attorneys fees related to representing his mother — was an action that caused Mrs. Astukewicz not to receive assets to which she was otherwise entitled. Therefore the Division found that the client fund was a countable asset. The record *147 shows that this determination was supported by substantial evidence and this court so finds.
III. Arbitrary and Capricious
Mr. Astukewicz also claims that Kallianidis’s decision was arbitrary and capricious because he disregarded the Worcester Probate Court order and failed to provide sufficiently specific findings of fact and conclusions of law in his decision. A decision is arbitrary and capricious if it “lacks any rational explanation that reasonable persons might support,” see Cambridge v. Civil Sens. Comm’n, 43 Mass.App.Ct. 300, 303 (1997), or “is willful and unreasoning action without consideration and in disregard of facts and circumstances.” Long v. Comm’r of Pub. Safety, 26 Mass.App.Ct. 61, 65 (1988). The court reviewing such a claim “must apply all rational presumptions in favor of the validity of the administrative action ...” Long, 26 Mass.App.Ct. at 65 (citations omitted).
Contrary to Mr. Astukewicz’s assertions, Kallianidis made sufficient findings of fact and conclusions of law to allow this court to determine that his decision was rational and reasonable in light of the relevant regulations. Kallianidis cited the applicable regulations and he acknowledged, but ultimately dismissed, Mr. Astukewicz’s arguments regarding the proper interpretation of the Worcester Probate Order and its effect on the classification of the client fund account as a countable asset. Although this court may not have applied the regulations in this same manner had the issue been presented de novo, it may not now substitute its judgment for that of the Division. Because the decision was supported by evidence and constituted a reasonable application of the MassHealth regulations, this court finds it was neither arbitrary nor capricious.
ORDER
For the foregoing reasons, the plaintiffs Motion for Judgment on the Pleadings is DENIED.

 MassHealth is the Massachusetts-administered version of Medicaid. The federal government provides funding for MassHealth via the federal Medicaid program. For this decision, the program will only be referred to as MassHealth.

 The order stated: "... it is hereby ordered that Barry J. Astukewicz, Guardian for the above-named Ward [Ethel F. Astukewicz] is authorized to set aside forthwith monies of the Ward in the amount of $8,000.00 in an interest bearing account for the anticipated legal fees, expenses and costs with periodic disbursement for payment of the same . . .” Guardianship of Ethel F. Astukewicz, No. 05P2149-G11, Worcester Probate Court, July 23, 2007.

 130 Code Mass. Regs. 520.026 outlines deductions that may be taken from a member’s income when determining the amount a member in long-term care must pay to the care facility out of her own funds. This amount, due to the care facility from the patient, is known as the monthly patient-paid amount. Guardianship fees are one of the deductions that may be taken from a member’s income. This regulation does not apply to asset calculations used to determine eligibility for MassHealth.