NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1254

THOMAS SMITH

vs.

CLARE B. WHEATLEY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Thomas Smith, an inmate at Old Colony Correctional Center in Bridgewater (OCCC), appeals from a Superior Court judgment dismissing his complaint seeking judicial review of a decision by the Department of Correction (DOC) that denied his grievance.  We affirm.

Background.  The administrative record filed by the Massachusetts Department of Correction (DOC) shows that on September 19, 2017, the plaintiff was transferred to OCCC from the Massachusetts Correctional Institution, Concord (MCI-

---

[1] Mark Fogaren, the internal grievance officer for Old Colony Correctional Center in Bridgewater (OCCC); Erin Gaffney, the superintendent for OCCC; and Kate Silva, the department grievance manager for the Department of Correction (DOC).  Clare B. Wheatley is the informal grievance coordinator for OCCC.  All defendants were sued in their official capacities within the OCCC and DOC.  As is our usual practice, we take the parties' names and capacities as they appear in the operative complaint.

Concord), where he was permitted to possess "Magic the Gathering" playing cards (magic cards). The plaintiff described the magic cards as a therapeutic game that is not a threat to security.

Upon being transferred, OCCC did not return the magic cards to the plaintiff. In October 2017, the plaintiff filed an informal administrative complaint seeking the return of the magic cards, stating that they had helped him throughout his mental health treatment at MCI-Concord. OCCC denied the plaintiff's request for the magic cards, with the explanation, "according to property department policy, magic cards are contraband and so you cannot possess them."

In response, the plaintiff filed a formal grievance. The institutional grievance coordinator (IGC) denied the grievance with the explanation "[i]n accordance with 103 [Code Mass. Regs. §] 403 [(2017)], these items have been deemed contraband." The plaintiff appealed the denial to the superintendent of OCCC, whose decision stated, "Denied; I concur with IGC." The plaintiff further appealed to the DOC's department grievance manager, who "support[ed] the Superintendent's decision to deny [the] grievance. Magic Cards are deemed contraband in accordance with 103 DOC 403, Inmate Property."[2]

_____

[2] Because the DOC has not otherwise identified any rule or policy referred to as "103 DOC 403," we assume that the intended

2

In December 2017, the plaintiff sought judicial review of the denial of his grievance. A Superior Court judge, ruling on cross motions for judgment on the pleadings, upheld the DOC's decision denying the plaintiff's grievance. On appeal to this court in June 2021, a panel vacated the judgment and remanded for further explanation after concluding that the DOC's failure to provide any reasoned justification for denying the plaintiff's grievance rendered its determination arbitrary and capricious. See Smith v. Wheatley, 99 Mass. App. Ct. 1128 (2021) (Smith I).

After remand, the DOC filed an explanation for its denial of the plaintiff's request. The plaintiff, in response, filed an amended complaint and a motion for judgment on the pleadings. The defendants then filed a cross motion, and a Superior Court judge ordered judgment dismissing the complaint. This appeal followed.

Discussion. 1. Standard of review. "We review de novo a judge's order allowing a motion for judgment on the pleadings under Mass. R. Civ. P. 12 (c), 365 Mass. 754 (1974)." Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013), citing Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 600 (2010). In reviewing a Superior Court judge's ruling

reference was to 103 Code Mass. Regs. § 403, entitled "Inmate Property."

3

under G. L. c. 30A, § 14, an appellate court "conduct[s] an analysis of the same agency record, and there is no reason why the view of the Superior Court should be given any special weight.  Both in the Superior Court and in [the appellate] court the scope of review is defined by G. L. c. 30A, § 14."  Southern Worcester County Regional Vocational Sch. Dist. v. Labor Relations Comm'n, 377 Mass. 897, 903 (1979) (citation omitted).  The statute authorizes the reviewing court, among other possible outcomes, to "affirm the decision of the agency."  G. L. c. 30A, § 14 (7).  In reviewing the agency's decision, the standard of review is a highly deferential one.  See Friends & Fishers of the Edgartown Great Pond, Inc. v. Department of Envtl. Protection, 446 Mass. 830, 836 (2006).  "The court shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."  G. L. c. 30A, § 14 (7).

2.  The DOC's denial of the plaintiff's grievance.  The first time this matter appeared before a panel of this court, that panel found the DOC's actions to be arbitrary and capricious[3] because the DOC's decision provided no basis for its

_____

[3] "Arbitrary and capricious action . . . is willful and unreasoning action without consideration and in disregard of facts and circumstances [quotation omitted]."  Long v. Commissioner of Pub. Safety, 26 Mass. App. Ct. 61, 65 (1988).

4

determination that the plaintiff's magic cards would not be returned to him.  See Smith I, 99 Mass. App. Ct. 1128, slip op. at 6, 10.  Again, on appeal, the plaintiff argues that the DOC's decision was arbitrary and capricious.  We disagree.

In support of its denial of the plaintiff's grievance, Kate Silvia, the director of communications and supervisor to the department grievance coordinator, sent a detailed grievance denial decision to the plaintiff on June 23, 2021.  In support of the denial, Silvia offered multiple reasons why the DOC had designated magic cards as contraband.  First, magic cards have intrinsic cash value and are bought and sold outside the DOC.  Second, the game associated with the magic cards involved "role-playing, and role-playing and fantasy games are inconsistent with the rehabilitative goals of the" DOC.  Third, the game references extreme violence, with the game's goal being "to destroy [one's] opponent(s) by reducing their 'life force to zero.'"  The DOC also articulated the ways in which magic cards differ from other games, such as playing cards and chess:  while magic cards involve strategy -- as does chess and ordinary playing cards -- the key difference is that many magic cards possess visual imagery and descriptions of extreme violence.

---

See Hercules Chem. Co. v. Department of Envtl. Protection, 76 Mass. App. Ct. 639, 642-643 (2010).

The plaintiff challenges many of the factual premises underlying the DOC's reasons. He argues that the decision refusing to return his cards was arbitrary and capricious because magic cards do not have the characteristics DOC says they do, or because other articles share certain of these characteristics yet are not considered contraband. But the plaintiff cites nothing in the record of the DOC proceedings to support his factual arguments. Nor does it appear that he made those arguments to the DOC or claimed in the Superior Court that he was unfairly deprived of the opportunity to do so. Accordingly, we decline the plaintiff's invitation to second-guess the factual bases for the DOC's decision.

Given these articulated justifications, we cannot say that the denial was arbitrary and capricious. "[I]f the question is fairly debatable, we cannot substitute our judgment for that of the commission[er] [quotation omitted]." Conservation Comm'n of Falmouth v. Pacheco, 49 Mass. App. Ct. 737, 739 n.3 (2000). "In reviewing the action of an administrator, the court must apply all rational presumptions in favor of the validity of the administrative action [quotation omitted]." Long v. Commissioner of Pub. Safety, 26 Mass. App. Ct. 61, 65 (1988). Furthermore, "prison administrators have broad discretion in the administration of prison affairs." Kenney v. Commissioner of Correction, 393 Mass. 28, 35 (1984). The DOC "has a compelling

6

interest in ensuring the safety of its staff and its inmates and the integrity of its institutions." Rasheed v. Commissioner of Correction, 446 Mass. 463, 473 (2006). "[P]rison officials must be permitted latitude in determining what products can come into the prison and what vendors can provide them." Id. at 475 (compelling interest standard to be applied with due deference to need to maintain order, security, and discipline in prison). Given the DOC's priority of disallowing products in prisons that promote extreme violence -- coupled with the DOC's considerable discretion in determining the products that enter the prison -- we hold that the DOC's denial of the plaintiff's grievance did not constitute an abuse of discretion.

3.  The DOC's interpretation of order on remand.  The plaintiff also asserts that the earlier panel's order on remand mandated that the commissioner must be the one to make the decision regarding the magic cards.  This is a misinterpretation of the order.  The earlier panel's order to the DOC was "for a reasonably prompt explanation of the basis for refusing to return Smith's magic cards to him, or other action on Smith's grievance."  Smith I, 99 Mass. App. Ct. 1128, slip op. at 11-12. As discussed supra, the DOC has complied with that order. Although DOC regulations provide that "[a]dditional property items may be approved at any level via written approval of the [p]roperty [c]ommittee and the [c]ommissioner [emphasis added],"

7

103 Code Mass. Regs. § 403.11, the plaintiff cites nothing in the regulations providing that only the commissioner may determine which items shall not be approved for inmate retention. See 103 Code Mass. Regs. § 403.05 (defining "[c]ontraband" as "[a]ny item[s] not approved for inmate retention at an institution").

4. Admission of the DOC's supplemental record. Finally, the plaintiff's argument that the Superior Court judge erred in admitting the DOC's supplemental record after he had filed his motion for judgment on the pleadings is unavailing. See Douglas Envtl. Assocs., Inc. v. Department of Envtl. Protection, 429 Mass. 71, 74-75 (1999) (finding judge appropriately allowed additions to the record under G. L. c. 30A, § 14 [4], so that record contained all materials considered by agency's decision makers). See also G. L. c. 30A, § 14 (4) ("The court may require or permit subsequent corrections or additions to the record when deemed desirable"). In any event, the plaintiff

8

does not explain how he was unfairly prejudiced by the judge's consideration of the material in the supplemental record.

Conclusion. We affirm the Superior Court's judgment denying the plaintiff's motion, and allowing the defendants' cross motion, for judgment on the pleadings.

Judgment affirmed.

By the Court (Sacks, Grant & Smyth, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  November 7, 2023.

---

[4] The panelists are listed in order of seniority.