NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-708

THEODORE FOSSA, guardian,[1]

vs.

DIRECTOR OF THE OFFICE OF MEDICAID.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

David Fossa, through his guardian, brought this action pursuant to G. L. c. 30A, § 14, after the board of hearings (board) for the Office of Medicaid for the Executive Office of Health and Human Services of the Commonwealth of Massachusetts (MassHealth) upheld MassHealth's decision that Fossa was not entitled to long-term care benefits for the period from May 2016 to October 2019.  On Fossa's motion for judgment on the pleadings, a judge of the Superior Court affirmed the board's decision, and this appeal ensued.  We affirm.

Background.  The following facts are taken from the administrative record.  In July 2015, Fossa was admitted to a

_____

[1] Of David Fossa.

skilled, long-term medical care facility. He applied for long-term health benefits and, in March 2016, MassHealth approved his application, retroactive to July 2015 (2015 application). Fossa's then wife (the two divorced in October 2019) signed the application. By spring of 2016, Fossa had been discharged from that facility and readmitted to the hospital. He subsequently was admitted to a different long-term care facility in May 2016. When that second facility sought payment from MassHealth, MassHealth withheld payment and requested additional information regarding Fossa's then wife's (hereinafter, wife) assets.[2] In August 2016, Fossa filed a new application seeking benefits commencing on May 26, 2016 (2016 application). That application was denied after MassHealth determined that Fossa's wife had not provided sufficient information about her income and her interest in six limited liability companies (LLC interests).[3] Fossa requested a fair hearing before a hearing officer of the board, who upheld MassHealth's denial of the 2016 application.

---

[2] The total value of countable assets owned by or available to an individual applying for or receiving benefits may not exceed $2,000. See 130 Code Mass. Regs. § 520.003(A)(1) (2014). In determining whether an institutionalized spouse is eligible for long-term benefits, MassHealth is required to assess the total combined value of the countable assets owned by both spouses and to establish a spousal share. 130 Code Mass. Regs. § 520.002(B)(2)(b) (2014).

[3] The LLC interests are Richmond Leb RT 4 LLC, Self Storage FL II LLC, Richmond Woodsville LLC, Mexico 5th Ave LLC, Richmond Franklin Investment LLC, and Richmond Meadows One ACK, LLC.

Fossa then sought judicial review under G. L. c. 30A (2018 appeal). The 2018 appeal was settled. The parties agreed that Fossa would receive long-term care benefits starting on October 23, 2019, which was one day after Fossa and his wife were divorced, and that MassHealth would reprocess the 2016 application to determine whether Fossa was eligible for long-term care benefits between May 26, 2016, and October 2019.

During the proceedings that followed the reopening of the 2016 application, Fossa submitted information regarding the wife's LLC interests, including the LLC's governing operating agreements. At that time, the parties agreed that the value of the LLC interests was $387,710.[4] After considering these submissions, MassHealth determined that Fossa was ineligible for benefits because the assets owned by his wife exceeded the allowable asset limit for a married couple by $294,670.34. Consequently, MassHealth denied the 2016 application a second time. Fossa requested another fair hearing, which was held on April 16, 2020. The board determined that the LLC interests were countable and legally accessible assets under the applicable regulations and upheld MassHealth's decision.[5]

---

[4] Fossa's attempt to challenge that valuation on appeal is unavailing. The calculations regarding the value of the LLC interests were not in dispute at the fair hearing.

[5] MassHealth initially maintained that the assets were countable as securities under 130 Code Mass. Regs. § 520.007(D)

3

Fossa then commenced this action, claiming that the board's decision was not supported by substantial evidence and was arbitrary and capricious. He further claimed that MassHealth's denial of coverage violated his right to due process, thereby violating 42 U.S.C. § 1983, because MassHealth conducted two assessments of his eligibility. Fossa subsequently amended his complaint to claim that 130 Code Mass. Regs. § 520.016(B)(1) (2014), which provides for the assessment of marital assets when one spouse is institutionalized, violates Federal Medicaid law because it does not comport with 42 U.S.C. § 1396r-5(c) (treatment of income and resources for certain institutionalized spouses).

As previously noted, Fossa moved for judgment on the pleadings. Following a hearing, a judge of the Superior Court denied the motion, affirmed the board's decision, and dismissed Fossa's amended complaint. The judge rejected Fossa's arguments that the board's decision was not supported by substantial evidence or was arbitrary and capricious. The judge also rejected Fossa's due process claim that MassHealth's assessment of his 2016 application violated Federal law because he

---

(2014), or as similar to trusts under 130 Code Mass. Regs. § 520.023 (2014). However, in a post hearing brief, MassHealth asserted, as it does now on appeal, that the LLC interests were countable and accessible because they qualified as personal property.

4

previously had been approved for MassHealth benefits in 2015. She concluded that this claim lacked merit and had not been sufficiently developed. In her decision, however, the judge did not address all of Fossa's claims. Thus, after judgment entered, Fossa moved for clarification or reconsideration. The judge then entered an order clarifying that she had dismissed all claims, including the § 1983 claim and Fossa's requests for declaratory relief.[6]

Discussion. "In reviewing administrative agency decisions, we give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (quotation and citation omitted). Guilfoil v. Secretary of the Executive Office of Health & Human Servs., 486 Mass. 788, 793 (2021). "The burden of proof is on the appealing party to show that the order appealed from is invalid, and we have observed that this burden is heavy" (citation omitted). Id. For the reasons discussed below, we conclude that Fossa has not met his burden.

---

[6] Fossa did not reference this order in his notice of appeal, nor did he file a separate notice of appeal after the order was entered. Consequently, the validity of the ruling is not before us. See, e.g., Robinson v. Boston, 71 Mass. App. Ct. 765, 771 (2008) (where ruling on postjudgment motion to reconsider not referenced in earlier notice of appeal, validity of ruling not properly before court).

5

We first address Fossa's contention that the board improperly concluded that the LLC interests were countable assets for the purpose of calculating his eligibility for benefits. Under MassHealth regulations, "[c]ountable assets are all assets that must be included in the determination of eligibility." 130 Code Mass. Regs. § 520.007 (2014). An asset is "property including, but not limited to, real estate, personal property, and funds." 130 Code Mass. Regs. § 515.001 (2014). The board concluded that the LLC interests were countable assets because they qualified as personal property under the regulations, and as defined by G. L. c. 156C, § 38.[7]

Contrary to Fossa's assertion, there is nothing arbitrary or capricious about the board's reasoning. The board applied the plain meaning of 130 Code Mass. Regs. § 515.001 and G. L. c. 156C, § 38. When read in combination, these provisions amply support the board's conclusion. We agree with the board that the language of the regulation at issue (and the statute) is clear and unambiguous and, therefore, "should be interpreted according to its terms." DeCosmo v. Blue Tarp Redev., LLC, 487 Mass. 690, 699 (2021). Furthermore, even if we were to conclude otherwise, the board's interpretation is entitled to deference where, as here, that interpretation is reasonable. See Shelales

---

[7] General Law c. 156C, § 38, defines a limited liability company interest as "personal property."

6

v. Director of the Office of Medicaid, 75 Mass. App. Ct. 636, 640 (2009).

We further conclude, as did the judge, that Fossa's claim that the LLC interests should not be considered countable assets because they constitute income essential to the wife's own support is unavailing.[8]  As the judge observed in her well-reasoned memorandum of decision and order, Fossa did not provide any information regarding the wife's expenses.  As such, the record simply did not provide a basis for Fossa's assertion that the LLC interests were "property essential to self-support" within the meaning of 130 Code Mass. Regs. § 520.008(D) (2014) (noncountable assets).

We next address Fossa's contention that even if the LLC interests were countable, they were not accessible and, therefore, could not be used to pay for his care.  Under MassHealth regulations, "[a]n inaccessible asset is an asset to which the [Medicaid] applicant or member has no legal access." 130 Code Mass. Regs. § 520.006(A) (2014).  Here, the board reasonably concluded that the LLC interests were accessible

---

[8] The board argues that this argument is waived because Fossa did not raise it at his fair hearing on April 16, 2020. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006) (arguments that could have been raised before administrative agency, but were not, are waived).  We need not address this issue because Fossa presented no evidence to support his claim.

7

based on its review of their operating agreements. Specifically, the board noted that the operating agreements for three of the LLCs (Richmond Leb RT 4 LLC, Self Storage FL II LLC, and Richmond Woodsville LLC) all state that members may transfer their interest in the LLC with the approval of the LLC's manager. These agreements also state that members can sell their interest to a nonmember, subject to review and a right to purchase by other members or managers of the LLCs. The operating agreement for the fourth LLC (Richmond Meadows One ACK, LLC) allows members to transfer their interest to the LLC, another member, or another entity controlled by the LLC or other members. With regard to the last two LLCs (Mexico 5th Ave LLC and Richmond Franklin Investment LLC), which have no operating agreements, the board correctly observed that they are governed by the Massachusetts Limited Liability Company Act, G. L. c. 156C. As such, interests in those LLCs are "assignable in whole or in part" by default. G. L. c. 156C, § 39 (a).

While it is true that the operating agreements contain restrictions regarding the manner by which members can transfer their interests, the controlling question is whether the wife had legal access to the LLC interests. As noted above, all of operating agreements permit members to make transfers. Consequently, all members, including the wife, had legal access to their interests. To the extent that Fossa claims that the

8

LLC interests were inaccessible because they were not marketable and therefore were unavailable to him or his wife to cover the costs of his long-term care, his argument fails for the reason articulated by the judge, namely, Fossa failed to present evidence to support this assertion. In any event, the critical question here is whether the wife had any legal access to the LLC interests, and the operating agreements provide a sufficient basis for concluding that she did.

Given our conclusion, it follows that Fossa's assertion that there was insufficient evidence from which the board could conclude that the LLC interests were countable and accessible fails. It matters not, as Fossa claims, that the board did not make any findings of fact as to the testimony of general counsel to the wife's employer who stated at the fair hearing that the LLCs were not accessible. The board expressly considered Fossa's argument that there were "myriad legal and contractually enforceable restrictions on the assignment, sale, transfer, and exchange of the LLC interests," but it ultimately found the LLC operating agreements established that the LLC interests were accessible. The board was well within its authority to weigh the evidence before it and credit the plain language of the LLC operating agreements rather than the general counsel's testimony regarding accessibility.

9

We are not persuaded that the board's decision was arbitrary or capricious. A decision is arbitrary and capricious if it "lacks any rational explanation that reasonable persons might support," Cambridge v. Civil Serv. Comm'n, 43 Mass. App. Ct. 300, 303 (1997), or "is willful and unreasoning action without consideration and in disregard of facts and circumstances" (citation omitted). Long v. Commissioner of Pub. Safety, 26 Mass. App. Ct. 61, 65 (1988). Here, the record establishes that the board conducted a careful analytical review of the documentary and testimonial evidence and considered all arguments impartially.

Finally, we address Fossa's two claims under 42 U.S.C. § 1983. Fossa first claims that MassHealth's assessment of his 2016 application violated his right to due process because he previously had been approved for MassHealth benefits in 2015, and MassHealth thereafter terminated his benefits without proper notice and wrongly conducted a new (second) assessment of eligibility. The judge rejected this argument on the ground that it was not sufficiently developed before the board. We conclude that the judge was correct.[9]

---

[9] As the board rightly asserts in its brief, Fossa has waived any challenge to MassHealth's purported failure to properly "terminate" the benefits approved under his 2015 application because he did not raise that argument to the board during either the 2017 or 2020 fair hearing. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006).

10

Although Fossa has made more fulsome arguments in support of this position on appeal, we are not required to consider them as they were not argued to the board. See Smith v. Sex Offender Registry Bd., 65 Mass. App. Ct. 803, 810 (2006). In any event, the claim is without merit. The gist of Fossa's claim is that MassHealth was precluded from reassessing his entitlement to benefits after he left one facility and thereafter entered another. This argument is not supported by any authority and if we were to consider it, we would reject it.[10]

Fossa also claims that 130 Code Mass. Regs. § 520.016(B)(1) (assessment of married couple's assets when one spouse institutionalized) violates Federal law because it allows for assessment of a couple's total combined assets "as of the date of the beginning of the most recent continuous period of institutionalization," 130 Code Mass. Regs. § 520.016(B)(1)(a), whereas the analogous Federal statute provides for this assessment "as of the beginning of the first continuous period of institutionalization." 42 U.S.C. § 1396r-5(c)(1)(A).

---

[10] It bears noting that Fossa sought benefits from MassHealth in two distinct periods while living at two separate facilities. For each period of care, Fossa submitted an application to MassHealth, and, consistent with relevant regulations, MassHealth considered the application and sent Fossa a notice of eligibility determination. While MassHealth originally approved Mr. Fossa's eligibility with regard to his 2015 application, that first eligibility determination was not dispositive of the second determination.

This argument fails for the simple reason that even assuming there is a discrepancy between the Massachusetts regulations and the Federal Medicaid statute, Fossa can show no harm from it. Any inconsistency between the dates on which MassHealth and Federal regulations assess spousal assets has no bearing on Fossa's eligibility because his wife's assets were the same "as of" the "first" and the "most recent" periods of institutionalization and exceeded the limit at all relevant times. Under these circumstances there also would be no basis for a declaratory judgment.[11]

Judgment affirmed.

By the Court (Vuono, Englander & Hodgens, JJ.[12]),

Clerk

Entered: January 28, 2025.

---

[11] Fossa's request for appellate attorney's fees and costs is denied.

[12] The panelists are listed in order of seniority.