Kinder, C. Jeffrey, J.
Pursuant to Rule 12(c) of the Massachusetts Rules of Civil Procedure, the plaintiff, Arthur J. Foley (“Foley”), seeks judicial review of a decision by the defendant, Thomas Dehner, Director of the Office of Medicaid, Executive Office of Health and Human Services (“Agency”), upholding the denial of Foley’s application for MassHealth Long-Term Care benefits (“MassHealth benefits”). Before the court is Foley’s motion for judgment on the pleadings. For the following reasons, Foley’s motion for judgment on the pleadings is ALLOWED and the matter is REMANDED for further proceedings consistent with this decision.
BACKGROUND
The undisputed material facts, based on the administrative record of the proceeding under review (“record”), are as follows. On February 28, 2007, Foley entered a nursing home. On November 6, 2007, Foley transferred $123,486.25 in liquid assets for a one-half interest in real estate worth $258,300 and owned by his niece (“the home”).[1] Approximately five weeks later, on December 14, 2007, Foley applied for Mass-Health Long-Term Care benefits (“MassHealth benefits”). At the time the Agency considered his application, he was ninety-one years old, was diagnosed with dementia, was at risk for falling, and was not expected to return home within six months. The Agency denied his application and imposed a period of ineligibility until March 4, 2009, because the transfer of assets on November 6, 2007, was a disqualifying transfer. Foley appealed the denial, and a fair hearing was held before the Office of Medicaid Board of Hearings on March 21, 2008. Foley’s appeal was denied on April 30, 2008. He moved for judgment on the pleadings on March 9, 2009.
DISCUSSION
The scope of review of an Agency’s decision is defined by G.L.c. 30A, §14, which states that a court may “either affirm, remand, set aside or modify an agency’s decision... if it determines that the substan *147 tial rights of any party may have been prejudiced because the agency’s decision is: (a) in violation of constitutional provisions; or (b) in excess of the statutory authority or jurisdiction of the agency; or (c) based upon an error of law; or (d) made upon unlawful procedure; or (e) unsupported by substantial evidence; or (f) unwarranted by facts found by the court on the record as submitted or (g) arbitrary and capricious, an abuse of discretion or otherwise not in accordance with the law.” Substantial evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” G.L.c. 30A, §1(6). As the party appealing the administrative decision, Foley bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab., 27 Mass.App.Ct. 470, 474 (1989).
In reviewing the Agency’s decision, the court is required to give due weight to the Agency’s expertise, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992). The reviewing court may not substitute its judgment for that of the Agency. Southern Worcester County Reg’l Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982). The court does not act as a de novo fact finder, nor is the review a trial de novo on the record that was before the Agency. Id. at 420.
“Medical assistance is a cooperative Federal and State program which provides payment for medical services to eligible individuals and families.” Haley v. Commissioner of Pub. Welfare, 394 Mass. 466, 476 (1985) (citation omitted). “In order to receive Federal funding under the Social Security Act, 42 U.S.C. §1396 et seq. (1982), the State program must be approved and must meet all the requirements of the Federal Act and its implementing regulations.” Cruz v. Commissioner of Pub. Welfare, 395 Mass. 107, 112 (1985) (citations omitted). “As required by Federal law, all applicants for and recipients of Medicaid must meet certain financial eligibility requirements.” Tarin v. Commissioner of Div. of Med. Assistance, 424 Mass. 743, 747 (1997). Under the applicable state regulations, “the total value of countable assets owned by or available to individuals applying for or receiving Mass-Health . . . may not exceed . . . $2,000.” 130 Code Mass. Regs. §520.003(A)(1). “Countable assets are all assets that must be included in a determination of eligibility.” 130 Code Mass. Regs. §520.007. “All real estate owned by the individual. . . with the exception of the principal place of residence ... is a countable asset.”[2] 130 Code Mass. Regs. §520.007(G)(1). However, “the value of such real estate is exempt for nine calendar months after the date of notice by the Mass-Health agency, provided that the individual signs an agreement with the MassHealth agency within 30 days after the date of notice to dispose of the property at fair-market value.” Id. at 520.007(G)(2).
The Agency “considers any transfer during the appropriate look-back period . . . for less than fair market value a disqualifying transfer . . .” 42 U.S.C. § 1396p(c)(l)(A); 130 Code Mass. Regs. §520.019(C).[3] A disqualifying transfer may include “any action taken to avoid receiving a resource to which the nursing facility resident or spouse is or would be entitled if such action had not been taken.”[4] 130 Code Mass. Regs. §520.019(C). “A disqualifying transfer may include any action taken that would result in making a formerly available asset no longer available.” Id. Additionally, the purchase of a life estate is a disqualifying transfer unless the applicant resides in the home for a year or more. 130 Code Mass. Regs. §520.019(I)(3).
When a disqualifying transfer occurs, the Agency calculates and imposes a period of ineligibility unless “the resources were transferred exclusively for a purpose other than to qualify for MassHealth” or the individual “intended to dispose of the resource at either fair-market value or for other valuable consideration.” 130 Code Mass. Regs. §520.019(F), (G).[5]
Here, Foley argues that he is eligible for MassHealth benefits because the home is his principal place of residence, a noncountable asset. Alternatively, Foley argues that he is entitled to an exemption from November 8, 2007 to March 18, 2008, because the home is a countable asset and the purchase of the home was not a disqualifying transfer.
Foley has satisfied his burden of demonstrating the invalidity of the Agency’s decision. Although the record substantially supports the Agency’s finding that the home is not his principal place of residence,[6] it does not substantially support the Agency’s finding that the purchase of the home was a disqualifying transfer. Foley did not transfer resources for less than fair market value because he paid roughly one-half of the assessed value of the property in exchange for a one-half interest in the property. The asset is not “no longer available” because Foley is a joint tenant, and as a joint tenant, he has a right to partition. G.L.c. 241, §1; G.L.c. 241, §31. Despite the deferential standard of review, it was unreasonable for the Agency to find that Foley took action “to avoid receiving a resource” because the language of the regulation clearly suggests a different set of circumstances.[7] Additionally, the Agency ignored the plain language of 130 Code Mass. Regs. §520.019(I)(3), and unconvincingly extended its reach, by analogizing the purchase of a joint tenancy with the purchase of a life estate.
Accordingly, the Agency erred in finding that Foley made a disqualifying transfer and in imposing a period of ineligibility under 130 Code Mass. Regs. §520.019(G).
ORDER
For the foregoing reasons, the plaintiffs motion for judgment on the pleadings is ALLOWED and the mat *148 ter is REMANDED for further proceedings consistent with this decision.

yhis figure is derived from tax bills and assessments of the property.

tyhe home of an applicant, if located in Massachusetts, and used as the pnncipal place of residence, is considered a noncountable asset and is not included in the determination of eligibility. 130 Code Mass. Regs. §520.008(A); see 130 Code Mass. Regs. §520.003(A).

he state regulations require the applicant to verify the fair market value by a copy of the most recent tax bill or property tax assessment. 130 Code Mass. Regs. §520.007(G)(3)(a). Fair market value is “an estimate of the value of a resource if sold at the prevailing price.” 130 Code Mass. Regs. §130.515.001.

“Action taken to avoid receiving a resource may include, but is not limited to, waiving the right to receive a resource, not accepting a resource, agreeing to the diversion of a resource, or failure to take legal action to obtain a resource.” 130 Code Mass. Regs. §520.019(C).

Here, the Agency did not determine whether or not the applicant “intended to dispose of the resource at either fair-market value or for other valuable consideration.” However, for the reasons discussed below, it is unnecessary to remand to resolve this issue.

Foley never lived there, and when he applied for MassH-ealth benefits, he was not expected to return home within six months. Given Foley’s age and medical condition, it was unclear at the time of the decision whether or not he would live there in the future.

The regulation includes the following language; “waiving the right to receive a resource,” “not accepting a resource,” “agreeing to the diversion of a resource,” and “failure to take legal action to receive a resource.” 130 Code Mass. Regs. §520.019(C). “[A]n agency has considerable leeway in interpreting a statute it is charged with enforcing. This principle, however, is one of deference, not of abdication, and [courts] will not hesitate to overrule agency interpretations of statutes when [they] are unreasonable.” Martinez v. Commissioner of Pub. Welfare, 397 Mass. 386, 875 (1986).